Robert E. Pease, Esq. Town Attorney, Somers
You request our opinion whether a town supervisor or other town board member of the Town of Somers in Westchester County simultaneously may hold the position of county deputy sheriff.
There is no prohibition against one individual holding two public positions in the absence of a constitutional or statutory bar unless the functions of the two are incompatible. Incompatibility under the law is described as the subordination of one position to the other in People exrel. Ryan v Green, 58 N.Y. 295 (1874).
In Westchester County, town and city supervisors are not members of the county legislative body as is the case in counties having the traditional form of county government. Westchester County abolished the traditional board of supervisors and replaced it with a board of legislators, separately elected. In no county does a town councilman sit on the county governing body by virtue of election to the town board. Thus, the town supervisor and the town councilmen in Westchester County are on a par in relation to your question.
A deputy sheriff holds a county office. Neither a town supervisor nor a town councilman in Westchester County has a county function and the offices do not relate to the office of deputy sheriff in any way.
The only statutory or constitutional provisions which would apply are contained in County Law § 411 and in Town Law § 20 subd 4. Where a deputy is involved, our conclusion usually is that if the principal is prohibited from an act, the deputy also is prohibited. That reasoning does not apply in this case, for two reasons: the first is that a deputy sheriff is not a deputy in the sense of the term as used in Public Officers Law § 9, that is, one who is clothed with all of the authority of the principal and, upon a vacancy in the office of the principal, continues to act. Only the undersheriff has that capacity in relation to a sheriff. Deputy sheriffs are subordinates of the sheriff without statutory deputy status. The second reason is that the elective office of sheriff has been abolished in Westchester County. Hence, County Law § 411 does not apply.
In our opinion, the same person simultaneously may hold the office of town supervisor or town councilman in a town in Westchester County and the county office of deputy sheriff. This conclusion necessarily is subject to any provision of a code of ethics adopted by the town and/or county and also to any determination of a local board of ethics having jurisdiction.
The fact that the deputy sheriff position is full-time does not make the simultaneous holding of another public office incompatible (Peo. ex rel.Ryan v Green, supra). However, if the town office suffers from lack of attention due to the time-consuming nature of the county office, Public Officers Law § 36 could give rise to a proceeding for removal from the town office. The Westchester County Charter may have similar provision relating to removal of a county officer.